UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

PERRY GRIGGS,

    Petitioner,

  v.                             **6:19-cv-06005-MAT**
                                      **ORDER**

CHRISTOPHER MILLER,

    Respondent.

---

## I. Introduction

Proceeding *pro se*, Perry Griggs ("Petitioner"), a prisoner confined at the Great Meadow Correctional Facility, has filed a Petition (Docket No. 1) pursuant to 28 U.S.C. § 2254, alleging that his conviction in Supreme Court, Erie County, State of New York, on November 15, 2011, was unconstitutionally obtained.

## II. Statute of Limitations

According to 28 U.S.C. § 2244(d)(1), a one-year period of limitations applies to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period "shall run from the latest" of the following events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the [United States] Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The typical start-date for the vast majority of petitioners is found in subsection (d)(1)(A).

The habeas statute also provides that the limitations period is tolled during the time "a properly filed application for State post-conviction" is pending. 28 U.S.C. § 2244(d)(2).

## III. Analysis

After reviewing the chronology provided by Petitioner, it appears that the Petition should be barred under 28 U.S.C. § 2244(d)(1) because more than a year has passed since the date on which the judgment of conviction became final. , and that even taking into account the effect of the tolling period provided by the filing of Petitioner's collateral attack as set forth in the Petition, Docket Item 1, ¶ 15, the Petition is untimely.

Petitioner's conviction was affirmed by the Appellate Division, Fourth Department on May 19, 2014, *People v. Griggs*, 117 A.D.3d 1523 (4th Dept. 2014). On January 27, 2015, Petitioner was granted leave to appeal to the New York Court of Appeals. *People v. Griggs*, 24 N.Y.3d 1120 (2015). On June 14, 2016, the New York Court of Appeals affirmed the order of the Appellate Division affirming Petitioner's conviction. *People v. Griggs*, 27 N.Y.3d 602 (2016). Petitioner's motion for reargument was denied on September 20, 2016.

Accordingly, for purposes of 28 U.S.C. § 2244(d)(1)(A), the date on which the conviction became final was December 19, 2016, in other words, 90 days after the date the New York Court of Appeals denied the motion for reargument. *See, e.g.*, *Silva v. Capra*, 15-CV-09032(GHW)(SN), 2016 WL 5793977, at *5 (S.D.N.Y. Aug. 30, 2016) ("Because the New York Court of Appeals denied Silva's motion seeking reargument on February 24, 2015, and Silva did not seek a writ of *certiorari* to the United States Supreme Court, his conviction became final 90 days later, or on May 25, 2015. Silva had one year to file his habeas petition, or until May 25, 2016."). Thus, Petitioner had one year from December 19, 2016, or until December 19, 2017, to file his petition. *See id.*

To determine the date Petitioner filed his petition, the Court must look to the prison mail box rule, which states that a *pro se* prisoner's legal papers are deemed to have been filed when they are placed in the hands of prison officials for mailing.

*Houston v. Lack*, 487 U.S. 266, 271 (1988). Here, the Petition was signed on December 20, 2018. "Absent evidence to the contrary, the Court assumes that [Petitioner] gave his petition to prison officials for mailing on the date he signed it[.]" *Torres v. Irvin*, 33 F. Supp.2d 257, 270 (S.D.N.Y. 1998) (collecting cases)). Thus, Petitioner filed his Petition on December 20, 2018, a year and one day after the limitations period expired on December 19, 2017.

Next, the Court must examine whether Petitioner is entitled to statutory tolling pursuant to 28 U.S.C. § 2244(d)(2) based on any "properly filed" applications for collateral relief in State court. Petitioner indicates that on July 25, 2018, after the one-year period of limitations had expired, he filed a motion to vacate the judgment pursuant to N.Y. Crim. Proc. L. § 440.10 ("§ 440.10 motion") in the trial court. Docket Item 1, ¶ 15(a)-(e). The motion was denied on March 22, 2018, and Petitioner's application for a certificate granting leave to appeal to the Appellate

Division was denied on October 24, 2018. *Id.*, ¶ 15(f)-(g). Generally, the statute of limitations would be tolled pursuant to 28 U.S.C. § 2244(d)(2) from the date the § 440.10 motion was filed until the time the Appellate Division denied the application for a certificate granting leave to appeal. *E.g., Saunders v. Senkowski*, 587 F.3d 543, 548 (2d Cir. 2009) (citation omitted). However, Petitioner's § 440.10 motion could not toll the statute of limitations because it was filed *after* the statute of limitations already had expired. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (*per curiam*) (holding that 28 U.S.C. § 2244(d)(2), AEDPA's tolling provision, does not reset date on which the one-year limitations periods begins to run).

Before the Court can dismiss the Petition as untimely, however, it must first provide Petitioner notice and opportunity to be heard on the statute of limitations issue. *See Acosta v. Artuz,* 221 F.3d 117, 121, 125 (2d Cir. 2000) ("If the court chooses to raise

*sua sponte* the affirmative defense of failure to comply with the AEDPA statute of limitation, however, the court must provide the petitioner with notice and an opportunity to be heard before dismissing on such ground. Here, we apply the well-established principle that 'a person is entitled to notice before adverse judicial action is taken against him.'") (quoting *Lugo v. Keane*, 15 F.3d 29, 30 (2d Cir. 1994)).

## IV. Conclusion

Petitioner is directed to complete the attached § 2254 Timeliness Response Form entitled "Petitioner's Response as to Why the Petition Is Not Time-Barred Under 28 U.S.C. § 2244(d)(1)" and return it to the Clerk of Court within **thirty (30) days from the entry of this Order**. Petitioner should be sure to include in the Response specific and detailed information addressing the Court's concerns. Petitioner should be sure to include the specific date when each collateral attack, if any, was filed and when each was finally determined, including the filing and determination

dates of any appeals of the collateral attack. Petitioner should also provide the Court with any other information which may be relevant to the Court's determination of the statute of limitations issue, including whether there are grounds to equitably toll the statute of limitations. *See Smith*, 208 F.3d at 17 (In order be entitled to equitable tolling, the petitioner must establish that (a) "extraordinary circumstances" prevented him from filing a timely petition, and (b) he acted with "reasonable diligence" during the period for which he now seeks tolling.)

**Failure to return the properly completed form to the Court within thirty (30) days from the entry of this Order will result in the automatic dismissal of the Petition**.

## V. Orders

IT HEREBY IS ORDERED, that Petitioner's request to proceed *in forma pauperis*, Docket Item 2, is **GRANTED**; and it is further

ORDERED, that Petitioner is directed to file the Response to this order **within thirty (30) days from the entry of this Order**; and it is further

ORDERED, that if the Petitioner's § 2254 Timeliness Response Form is not timely filed in accordance with this Order, the Clerk of Court is directed to dismiss the Petition as untimely pursuant to 28 U.S.C. § 2244(b)(1) without further notice.

**SO ORDERED.**

```
                              _____
                              HON.  MICHAEL A. TELESCA
                              UNITED    STATES   DISTRICT
                              JUDGE
```

Dated:    January  , 2019
          Rochester, New York