UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PERRY GRIGGS,

       Petitioner,

  -v-                                                       19-CV-6005 MAT
                                                             ORDER

CHRISTOPHER MILLER,

       Respondent.
_____

      Petitioner Perry Griggs, a prisoner confined at the Great Meadow Correctional Facility, filed this *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, alleging that his conviction in Supreme Court, Erie County, State of New York, on November 15, 2011, was unconstitutionally obtained. Docket Item 1. He also sought permission to proceed *in forma pauperis*. Docket Item 2.

      Upon review of the chronology of filings set forth in the Petition, including the date Petitioner claimed to have filed a state court motion for post-conviction collateral relief under N.Y. Crim. Proc. L. § 440.10 ("440.10 Motion"), it appeared that the Petition was time-barred pursuant to the one year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A). Specifically, it appeared that the 440.10 Motion was filed on July 25, 2018, after the statute of limitations already had expired. Therefore, the filing of the Motion did not statutorily toll the limitations period under 28 U.S.C. § 2244(d)(2), and the Petition was untimely. Docket Item 3 at 5-7. The Court accordingly directed Petitioner to complete a Section 2254 Timeliness Response Form entitled "Petitioner's Response as to Why the Petition Is Not Time Barred Under 28 U.S.C. § 2244(d)(1)." Docket Item 3 at 6-7.

Petitioner filed the Response stating that he mistakenly identified the date he filed the 440.10 Motion as July 25, *2018*, when, in fact, he filed it on July 25, *2017*. He also stated all other dates set forth in the Petition were accurate. Docket Item 4 at 1 (emphasis added). Accordingly, based on the Response, it appears that the Petition was filed in a timely manner. However, the Court advises Petitioner that this Order does not represent a definitive determination regarding timeliness because the Court does not have access to the underlying criminal records and transcripts and cannot verify the dates of filing. Thus, this preliminary finding that the Petition appears timely does not preclude Respondent from raising the defense of untimeliness in his Answer.

## **ORDER**

IT IS HEREBY ORDERED, in accordance with Rules 4 and 5 of the Rules Governing § 2254 Cases in the United States District Courts, that Respondent shall file and serve an **Answer** responding to the allegations in the Petition within **90 days of the date of this Order**. The Answer shall state whether a trial or any pre-trial or post-trial proceedings were conducted. If so, Respondent shall provide the Court with transcripts of the relevant pre-trial, trial, and post-trial proceedings, together with all records and documents relating to them, so that the materials can be filed in the official record of this case; and it is further

ORDERED that, in addition to his answer, Respondent shall file and serve, within **90 days of the date of this Order**, a memorandum of law addressing each of the issues raised in the Petition and including citations to supporting authority; and it is further

ORDERED that within **30 days of the date this Order**, Respondent may file a motion for a more definite statement or a motion to dismiss the Petition, accompanied by

appropriate exhibits demonstrating that an answer to the Petition is unnecessary. The timely filing of such motion shall extend the time for filing an Answer by **14 days**. This deadline will not be extended beyond 14 days, however, even if the Court does not act on Respondent's motion within that time; and it is further

ORDERED that within **30 days of the date this Order is served** upon the custodian of the records, the court clerk, or any other official having custody of the records of the proceedings in New York State Supreme Court, Erie County, leading to the conviction shall submit such records to Respondent's attorney; and it is further

ORDERED that if Petitioner appealed the judgment of conviction or an adverse judgment or order in a post-conviction proceeding, Respondent must provide the Court with a copy of the briefs, the record on appeal, and any opinions of the appellate courts so that such documents can be filed in the official record of this case; and it is further

ORDERED that Petitioner shall have **30 days after his receipt of Respondent's Answer or other pleading** to file a written Reply; and it is further

ORDERED that the Clerk of Court shall electronically serve a copy of the Petition, together with a copy of this Order, via a Notice of Electronic Filing to Donna Milling, Appeals-DAOffice@erie.gov, of the Office of the District Attorney of Erie County.

**PETITIONER MUST FORWARD A COPY OF ALL FUTURE PAPERS AND CORRESPONDENCE TO THE ATTORNEY APPEARING FOR THE RESPONDENT.**

SO ORDERED.

**s/ Michael A. Telesca**
_____
Michael A. Telesca
United States District Judge

DATED:   February 20, 2019
         Rochester, NY